## WILLIAM W. ALCOTT *vs.* BOSTON STEAM FLOUR MILL CO.

A new trial will not be granted merely because a book of records containing matters not offered in evidence was, at the suggestion of the losing party, and nt t bv accident or mistake, given to the jury and examined by them.

AT the trial of this action before *Fletcher*, J. the plaintiff put in evidence copies of certain votes of the directors of the defendant company. When the cause was submitted to the jury, the defendants objected that said copies, not having been compared and verified, the original records of the company should go to the jury in place of the copies, and the same was done. After verdict for the plaintiff, the defendants moved for a new trial: " Because the jury examined and considered matters as evidence not submitted to them, and which were not offered or put in evidence, and which were made by them most material to the finding of their verdict, and which had an important influence and effect therein; to wit, certain records of the defendant corporation which were entered in a book which of necessity was given them in proof of certain particular records and votes which the plaintiff offered in evidence, but which book contained other records not offered in evidence, and which the jury had no right to examine, and which, if to be offered in evidence, required and were capable of explanation, and which were not competent testimony in the cause." And the defendants offered the affidavits of several jurors to prove the allegations in said motion.

*S. Bartlett & A. H. Fiske*, for the defendants. 1. The verdict of a jury is to be founded on evidence submitted to them by the parties in open court. If they receive evidence from any other source, they deprive the party against whom it bears of the opportunity of meeting, rebutting, or explaining such evidence. If the matters which the jury so obtained are given to them by the design of either party, and the verdict is in favor of such party, the court will not stop to inquire whether the jury have examined the same, or whether the same has had, or might have had any influence or them

but will at once set aside the verdict. If, however, as in this case, no bad intention is imputed to either party, but the evidence gets to the jury by accident, mistake, or inadvertence, then if the jury have examined the same, the court will set aside the verdict. The question which was tried was, whether the plaintiff had been guilty of such wilful violation of his duties, as entitled the defendants to discharge him, notwithstanding their covenant. The material votes which the jury examined, which should not have been read by them, were relative to certain offers of compromise. These would naturally weigh, and did weigh with the jury. In themselves, they were not competent, and could have been readily explained. The defendants think the law is with them on this point, and cite the following authorities. The old English cases are all one way, and are contained in 21 Viner, (2d ed.) 453, Trial, G. g. 2; Coke Lit. fol. 227–9, Thomas's ed. 449; *Whitney* v. *Whitman*, 5 Mass. 405; *Hix* v. *Drury*, 5 Pick. 301; *Page* v. *Wheeler*, 5 N. Hamp. 91; *Peacham* v. *Carter*, 21 Verm. 515, 519; *Benson* v. *Fish*, 6 Greenl. R. 141; *Lonsdale* v. *Brown*, 4 Wash. C. C. 148; *Sheaff* v. *Gray*, 2 Yeates, 273; *Brownson* v. *Cheatham*, 2 Yeates, 166; *Hackley* v. *Hastie*, 3 Johns. 252; *Metcalf* v. *Dean*, Cro. Eliz. 189; *Talmadge* v. *Northrop*, 1 Root, 454.

2. The defendants maintain that the court will receive the affidavits of the jurors themselves, in order to show that such material evidence was received by them, and also to show whether they did or did not examine the same. To examine the jury on this subject conflicts with no principle or policy of the law. It was formerly the practice in this country and in England to admit affidavits of jurors as to their own misbehavior, mistake in verdict, or misapprehension of the judge's charges. *Little* v. *Larrabee*, 2 Greenl. R. 41; *Vaise* v. *Delaval*, 1 T. R. 11; *Grinnell* v. *Phillips*, 1 Mass. 530; *Bridge* v. *Eggleston*, 14 Mass. 248; *Hannum* v. *Belchertown*, 19 Pick. 313; *Smith* v. *Cheetham*, 3 Caines, 57; *Dana* v. *Tucker*, 4 Johns. 487; Graham on New Trials, 73.

But it is now well settled that affidavits of the jurors as to these matters, are not, from motives of policy, to be re-

ceived. Still, affidavits of the jurors are admissible in evidence to show other matters, and to show that the jury have received and examined evidence not committed to them. *Milsom* v. *Hayward*, 9 Price, 134; *Blané's Lessee* v. *Chambers*, 1 Serg. & Rawle, 169; *Ritchie* v. *Holbrook*, 7 Serg. & Rawle, 158; *Bradley's Lessee* v. *Bradley*, 4 Dallas, 112; *Hix* v. *Drury*, 5 Pick. 301; *Ferrill* v. *Simpson*, 8 Pick. 359; *Taylor* v. *Greely*, 3 Greenl. R. 204; *Sargent* v. ————, 5 Cowen, 106–121; *Seal* v. *State*, 13 Sm. & Marsh. 286.

*R. Choate & G. H. Preston*, for the plaintiff.

METCALF, J. A majority of the court are of opinion, upon a single ground, that this motion for a new trial must be denied. The defendants' book of records was sent to the jury, not by mistake or accident, within any of the decisions cited at the argument, but at the suggestion of their counsel. And if we assume, from the mere fact of the jury's having the book, that they examined entries in it which contained matter that was not competent evidence, yet we are of opinion that this is no cause for setting aside the verdict, on the defendants' motion. The case stands no better for them than it would if they had permitted the plaintiff, without objection, to introduce incompetent evidence. And certainly they could not have a new trial for such cause alone. We, therefore, overrule their motion, without intimating any opinion upon the question whether the jurors' affidavits were admissible in proof of all or any of the matters contained in them.